# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| V. | ) | **DOCKET NO. 3:17-CR-13-005** |
| | ) | **JUDGE REEVES** |
| **MICHAEL SMITH** | ) | |

## SENTENCING MEMORANDUM

Comes now Defendant Michael Smith, by and through counsel, and files his sentencing memorandum and would show this Honorable Court the following:

## Statement of Law

The Supreme Court transformed the Sentencing Guidelines from a mandatory scheme into an advisory resource in *United States v. Booker*, 543 U.S. 220 (2005). In the post-*Booker* world, the district court must consider the applicable advisory Guidelines range, as well as the other factors listed in 18 U.S.C. § 3553(a), *United States v. Ferguson*, 456 F.3d 660, 664 (6th Cir. 2006). The district court's sentence must be reasonable. *Id*. Any sentence must be "sufficient, but not greater than necessary" to comply with the purposes set forth in § 3553(a). 18 U.S.C. § 3553(a)(2).

The district court should not presume a sentence within the Guidelines range is reasonable per se. *Gall v. United States,* 552 U.S. 38, 50 128 S. Ct. 586 (2007). Instead, the sentencing court should make an individualized assessment based on the facts of the case and a thorough review of the §3553(a) factors. *Id.* The sentencing judge has familiarity with the case and the defendant, thus is in a better position to find facts and evaluate their import under §3553(a). *Kimbrough v. United States,* 552 U.S. 85, 109, 128 S. Ct. 558 (2007).

## Legal Analysis

Mr. Smith respectfully requests that this Honorable Court impose a sentence that is sufficient but not greater than necessary to meet the statutory purposes of sentencing; a sentence which is necessary for just punishment, deterrence, and protecting the community. Anything more, however, would be greater than necessary, especially given Mr. Smith's immediate taking of responsibility for his role in this conspiracy. Additionally, Mr. Smith asks this Honorable Court to allow him to participate in the 500-hour drug treatment program while he is incarcerated so that he may be able to be get the help that he needs to overcome his drug habit. And finally, Mr. Smith respectfully requests that any sentence that he receives from this case may run concurrent with any sentence that he may receive from the state of Georgia.

Respectfully submitted this the 6th day of November, 2017.

By: s/Jonathan S. Wood
Jonathan S. Wood (BPR # 020342)
Attorney for Michael Smith
P.O. Box 23857
Knoxville, TN 37933-1857
(865) 675-4830

## CERTIFICATE OF SERVICE

I do certify that on the 6th day of November, 2017, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

s/Jonathan S. Wood